Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge
Dated: Monday, August 30, 2010 1:28:45 PM

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| BON-AIR PARTNERSHIP, ) | |
| ) | |
| Debtor. ) | Case No. 09-2621 |
| _____ ) | |

## MEMORANDUM OPINION

Bon-Air Partnership ("the Debtor") sought dismissal of its Chapter 7 bankruptcy pursuant to 11 U.S.C. § 707 by motion filed on July 13, 2010. The court conducted a hearing regarding the motion on August 5, 2010, announced its decision orally, and, consistent with its ruling, entered an order denying the Debtor's motion to dismiss on August 6, 2010. On August 20, 2010, the Debtor filed a notice of appeal regarding the court's decision. This memorandum opinion memorializes the court's reasoning for denying the Debtor's motion.

## I. BACKGROUND

Debtor filed its first voluntary petition under Chapter 7 of the Bankruptcy Code on August 25, 2009, unrepresented by counsel.[1] Pursuant to an order of the court entered September 14, 2009, the Debtor's case was dismissed because it failed to file its schedules and statement of financial affairs, did not retain counsel in a timely manner, and did not provide a mailing matrix.

The Debtor re-filed for Chapter 7 bankruptcy protection, this time with retained counsel, on

---

[1] The Debtor's petition was filed at 10:49 a.m., just a few hours before Jefferson Security Bank had a scheduled Trustee's Sale of the Debtor's property.

1

November 17, 2009, at 11:02 a.m.[2] The Debtor's petition designated it as a "single asset real estate" bankruptcy case as defined by § 101(51B). The Debtor owns two contiguous parcels of real estate in Jefferson County, West Virginia, totaling approximately 136.17 acres. Secured claims against the property total approximately $870,964.29, consisting of a deed of trust securing a promissory note to Jefferson Security Bank for $434,480.61, and a judgment lien held by Dewberry & Davis, LLC for $436,483.68.

The Debtor filed a motion to convert the case from Chapter 7 to Chapter 11 on March 30, 2010, on the basis that it proposed to sell a portion of the real estate to pay off creditors and reorganize, which the court denied by order entered June 7, 2010, after an evidentiary hearing conducted on May 27, 2010.

On April 27, 2010, subsequent to the filing of the Debtor's motion to convert, Jefferson Security Bank filed a motion to lift stay regarding the Debtor's real estate. A preliminary hearing upon the Bank's motion was scheduled for May 27, 2010. Prior to the hearing, on May 24, 2010, the Chapter 7 Trustee (the "Trustee") filed a motion to sell the Debtor's property, which included upset bid procedures, based on a "stalking horse" bid of $1.2 million. At the hearing on May 27, the court continued generally its consideration of the motion to lift stay for a period of six months in order to permit the Trustee additional time to market and sell the property.

In response to the Trustee's motion to sell, upset bids of $1.3 million and $1.35 million were lodged with the court. Accordingly, the Trustee filed a notice regarding the upset bids and scheduled a private auction to occur in conjunction with a hearing upon its motion to sell. The motion to sell was scheduled for hearing on July 8, 2010, at 2:00 p.m., with the auction to follow immediately afterwards. At 12:15 p.m. on July 8, 2010, one hour and forty-five minutes before the hearing upon the motion to sell, the Debtor filed its notice of dismissal.[3] As a result, the motion to sell and contingent auction were cancelled until the resolution of the Debtor's attempt to dismiss the case.

The Debtor's motion to dismiss its Chapter 7 case generated objections filed by the Trustee,

---

[2]The Trustee of Jefferson Security Bank had rescheduled its Sale of the Debtor's property for November 17, 2009, at 3:00 p.m.

[3]The Debtor later supplemented its "notice" by filing a motion to dismiss on July 13, 2010.

2

Dewberry & Davis, LLC, and Jefferson Security Bank. A hearing to consider the motion and objections was conducted on August 5, 2010, at which time the court denied the Debtor's motion. An order to that effect was entered on August 6, 2010, which also re-scheduled for a hearing on September 2, 2010, the Trustee's motion to sell, and a private auction contingent upon the resolution of objections, if any, to the motion to sell.

## II. DISCUSSION

The Debtor requested that its bankruptcy case be voluntarily dismissed under § 707 on the grounds that it could garner more interest in the property and successfully market and sell the property for a greater value than the Trustee.

Section 707 of the Bankruptcy Code provides that a court "may" dismiss a Chapter 7 case after notice and a hearing, and only for cause. 11 U.S.C. § 707(a). Because the language is permissive, a Chapter 7 debtor has no absolute right to voluntary dismissal. *Misty Mountain v. U.S. Trustee and W. Alan Smith, Jr., Chapter 7 Trustee (In re Misty Mountain)*, 270 B.R. 53, 55 (W.D. Va. 2001). In fact, "the decision on dismissal falls squarely within the sound discretion of the Court and such a decision will be reversed only if the exercised discretion has been abused." *In re Jessica McCullough*, 229 B.R. 374, 376 (Bankr. E.D.Va. 1999) (citing *In re Marks*, 174 B.R. 37, 39 (E.D.Pa. 1994)).

In reaching a decision whether to grant a debtor's motion for voluntary dismissal of a Chapter 7 case:

> A court may consider many factors including:
>
> (1) whether all of the creditors have consented;
> (2) whether the debtor is acting in good faith;
> (3) whether dismissal would result in [a] prejudicial delay in payment;
> (4) whether dismissal would result in a reordering of priorities;
> (5) whether there is another proceeding through which the payment of claims can be handled; and
> (6) whether an objection to discharge, an objection to exemptions, or a preference claim is pending.

*In re Misty Mountain*, 270 B.R. at 55-56 (citing *In re Turpen*, 244 B.R. 431, 434 (B.A.P. 8th Cir. 2000)). Although many factors exist for consideration by a court in determining whether to grant dismissal, *Id*., the most important consideration is the best interest of the creditors and the debtor.

3

*In re McCullough*, 229 B.R. at 376. In the case at hand, the pertinent factors weigh against dismissal.

Here, the number of creditors are very few and not all of them have consented to dismissal. There are two secured creditors, Jefferson Security Bank and Dewberry & Davis, LLC. Only one unsecured creditor filed a proof of claim, New Vision Properties II, Inc., in the amount of $30,622.50; none were listed by the Debtor on its Schedule F. Finally, only one unsecured priority creditor is noted on Schedule E, that being the Jefferson County Sheriff's Tax Office for real estate taxes totaling $162.42. Thus, the creditor body is quite small and principally constituted by the Debtor's secured creditors. Both of them vigorously oppose dismissal, and with good reason.

Over the course of nearly one year, the Debtor has twice thwarted attempts by Jefferson Security Bank to vindicate its interests in the property by filing successive bankruptcy cases. Moreover, after the Trustee filed his motion to hire a realtor to market the property, which occurred on March 9, 2010, the Debtor filed its motion to convert the case to Chapter 11 on March 30, 2010. After that motion was denied on May 27, 2010, and a sale of the property scheduled for July 8, 2010, the Debtor moved to dismiss its case thus forcing further delay in the administration of the case and risking the beneficial ends to be achieved by a competitive sale process that was the result of diligent efforts by the Trustee. Most strikingly, at no stage of the proceedings has the Debtor presented any constructive alternative to the Trustee's concrete offers to purchase. At neither the conversion hearing on May 27, nor the dismissal hearing on August 5, did the Debtor present evidence of a firm offer to purchase that would meet or exceed the purchase procured by the Trustee,[4] or otherwise tender an alternative approach that would provide greater benefit to the estate, the Debtor, and its creditors than the concrete prospect embodied by the Trustee's sale. Thus, while the Debtor's conduct does not conclusively show a lack of good faith, its last-ditch effort to dismiss the case in the face of an impending sale rings hollow.

Importantly, dismissal would unduly prejudice the creditors by further delaying, and perhaps jeopardizing, recovery to them, and increasing the costs associated with those efforts. Dismissal would force yet another foreclosure sale with its attendant costs and delays. Furthermore, the Debtor

---

[4] In fact, the Debtor's evidence in that regard was merely speculative, at best.

4

has failed to show that a foreclosure sale would generate funds over and above the Trustee's prospective sale; a sale free and clear of all liens, which will pay all creditors in full, the costs of sale, the administrative expenses of the estate, and return funds to the Debtor. In fact, a foreclosure sale might generate a much lower recovery. For instance, although, based on the Debtor's own valuation,[5] Jefferson Security Bank might be satisfied in full, a full recovery by Dewberry & Davis and the unsecured creditors would be in peril. Thus, no other proceeding outside bankruptcy exists to adequately address the payment of claims in such an orderly, expeditious, and complete manner. The Debtor has failed to show how it would be in the best interests of the parties to permit dismissal when the clearest and most beneficial path for the realization of value upon the Debtor's single asset - including a return to the Debtor itself - resides along the course charted by the Trustee.

The Debtor has no on-going business and is not generating income.[6] Furthermore, the basis for the dismissal motion is to allow the Debtor - as opposed to the Trustee - to market and sell its property in hopes of achieving a sale price greater than that solicited by the Trustee. The Debtor has not presented the court with any credible basis for believing that the Debtor would be more successful than the Trustee in that endeavor, and has not shown how it, or especially the creditors, would be better off by permitting such a course of action outside this bankruptcy case.

## CONCLUSION

For the reasons stated herein, the Debtor's motion to dismiss under § 707 is denied.

---

[5] Interestingly, the Debtor originally valued its real estate at a mere $15,150.00. It later amended Schedule A to reflect a value of $750,000.00; a figure well below the price the Trustee has been able to fetch for it.

[6] Jefferson Security Bank has not received a payment in over one year. Dewberry & Davis, LLC has never received a payment.